# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4340 | **DATE** | 1/18/2001 |
| **CASE TITLE** | MCKEOWN vs. CITY OF CHICAGO | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's motion for summary judgment is granted and plaintiff's motion for preliminary injunction is denied with prejudice. Plaintiff's motion for sanctions and disqualification is denied as moot. This action is dismissed in its entirety with prejudice. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JAN 1 9 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 1/17/2001 | |
| | | | | date mailed notice | |
| JS | courtroom deputy's initials | | JAN 19 AM 7: 56 | JS | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN MCKEOWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | No. 00 C 4340 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

DOCKETED
JAN 1 9 2001

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Pro se plaintiff Kevin McKeown ("McKeown") filed a single count complaint for patent infringement under 35 U.S.C. §271, and filed a motion for temporary restraining order and preliminary injunction against defendant City of Chicago ("City"). In addition, McKeown filed a motion for sanctions and disqualification against patent counsels of record pursuant to Federal Rule of Civil Procedure 37(b)(2)(D). The City filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This court considered the City's motion to dismiss as a motion for summary judgment imder Federal Rule of Civil Procedure 56 pursuant to the last sentence of Federal Rule of Civil Procedure 12(b). McKeown's response to defendant's motion does not meet the standards set forth in Local Rule 56.1(b)(3)(A) and (B). Despite this failure, this court

1



accepts McKeown's response as it stands and will consider his response in the evaluation of this motion. Having considered the matter fully, for the reasons stated herein, the City's motion for summary judgment is GRANTED, McKeown's motions for preliminary injunction, sanctions and disqualifications are all DENIED.

## PROCEDURAL BACKGROUND

On July 18, 2000, McKeown filed his complaint without the assistance of counsel. On August 25, 2000, McKeown filed a motion for temporary restraining order and preliminary injunction. On August 30, 2000, the City filed its motion to dismiss the complaint. On August 31, 2000, this court denied McKeown's motion for temporary restraining order without prejudice and announced that the court would consider the City's motion to dismiss as a motion for summary judgment. This court advised the parties to the case of the court's intentions to convert the City's motion to dismiss into a motion for summary judgment and a briefing schedule was set so as to allow the parties time to file all materials pertinent to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 56.2. This court specifically advised plaintiff of Federal Rule of Civil Procedure 56 and gave plaintiff until September 25, 2000 to respond to this motion for summary judgment. McKeown's response was not in accordance with Rule 56 and not in accordance with the local rules. On October 16, 2000, this court ordered the parties to appear for a status hearing. At that time this court again advised McKeown of Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 56.2, provided McKeown a copy of the rules in open court, and gave McKeown to November 9, 2000 to re-file his response. On October 20, 2000, McKeown filed a motion to sanction and disqualify patent counsel of record. On November 9, 2000, McKeown filed an additional response to this motion for summary judgment.

2

On June 26, 1997, McKeown filed a patent application titled "Pre-Fabricated Multi-Level Roadway Structure." That application was granted and issued as U.S. Patent No. 5,846,020 on December 8, 1998, ("the '020 patent"). While McKeown's patent was pending, McKeown contacted transportation departments across the country, including the City's, to generate interest in his roadway structure.

In late December, 1998, McKeown received a letter from Bruce Worthington, Chief Highway Engineer of the City of Chicago Department of Transportation. The letter thanked McKeown for "sharing [his] design concepts for multi-level roadways," and told McKeown that he "look[ed] forward to the Illinois Department of Transportation using [his] design concepts in the expansion of the Highway/Expressway System within this State." Compl. ¶ 9. On or about February 18, 2000, McKeown obtained information that, according to McKeown, refers to the use of the '020 patent from the Chicago Department of Transportation website, from *Chicago Tribune* articles dated June 15, 1999 and December 20, 1999, and from a *Chicago Daily Herald* newspaper article dated December 22, 1999. McKeown alleges that the announced renovation of Wacker Drive ("Wacker Drive project"), one of the nation's oldest two-level roadways, infringes or will infringe the '020 patent.

Upon obtaining that information, McKeown began efforts to discuss, with the City, the City's alleged use of his patent. McKeown tried to contact Worthington and Stan Kaderbek, whom

---

[1]The following facts are undisputed and are from the defendants' Local Rule 56.1(a) statement of material facts and accompanying exhibits. As explained fully later in this opinion, plaintiff's submissions have been accepted and considered in determining this matter. In addition, however, defendant's facts are accepted as true pursuant to Local Rule 56.1(b)(3)(B).

Worthington advised McKeown to call. McKeown alleges that "[e]xcept for acknowledging use of [p]laintiff's patent in the planned Wacker Drive A & B projects, all telephone conversations lacked substance and/or reasonable assistance in ascertaining the authorization to use plaintiff[']s patent." Compl. ¶ 17. McKeown further states that he visited Chicago from March 25, 2000 to March 27, 2000 to make arrangements with defendant to discuss the use of his patent to no avail.

The City planned to open the Wacker Drive reconstruction project for bidding in October, 2000 and roadway construction is scheduled to begin in March, 2001. McKeown accuses the City of using the '020 patent to secure funding for the Wacker Drive reconstruction project. The City obtained funding for the Wacker Drive project through a variety of state and federal sources.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct.

4

2548, 2553 (1986).  There is no issue for trial "unless there is sufficient evidence favoring the

nonmoving party for a jury to return a verdict for that party."  Anderson, 477 U.S. at 249, 106 S. Ct.

at 2511.

As stated earlier, McKeown, despite being fully appraised of his obligations, failed to file

a proper response to defendant's motion for summary judgment.  Local Rule 56.1(b) states that a

party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall file opposing affidavits, a supporting

memorandum of law, and a concise response to each numbered paragraph of the movant's Local

Rule 56.1(a) statement of uncontested facts.  See LR56.1(b).  McKeown did attempt to properly

respond to the City's converted motion for summary judgment.  Eventually, McKeown filed a

response to the City's statement of uncontested facts pursuant to Local Rule 56.1(a).  McKeown's

response, however, was void of any references to the record and did not concisely admit nor deny

the defendant's statements.  In addition, McKeown did not file a memorandum of law in support of

his position, nor did he file any affidavits, or supporting materials.  McKeown filed instead a

memorandum outlining informal discovery issues and disputes between the parties.  None of

McKeown's submissions address the legal issues of this case presented in the City's motion.

Rule 56 of the Federal Rules of Civil Procedure does not authorize the granting of summary

judgment as a sanction for failing to file a proper response to a motion for summary judgment.  See

Tobey v. Extel/JWP, Inc., 985 F.2d 330, 332 (7th Cir. 1993).  Rule 56(e) permits summary judgment

only "if appropriate - that is, if the motion demonstrates that there is no genuine issue of material fact

and that the movant is entitled to judgment as a matter of law."  Id.  This is not to say, however, that

McKeown's derelictions are not without cost.  By failing to file a proper Local Rule 56.1(b)

statement, McKeown is deemed to have admitted the factual assertions presented by the City's in

it's Local Rule 56.1(a) statement. See Local Rule 56.1(b)(3)(B); Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 689 (7th Cir. Aug. 22, 2000) (accepting as true all material facts set out in Local Rule 56.1(a) statement, where non-moving party has failed to comply with Local Rule 56.1(b)). As a result, this court must determine whether summary judgment is proper as a matter of law by reviewing the record and the facts as presented by the City and by drawing all justifiable inferences in favor of McKeown. See Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 568 (7th Cir. 1992).

## ANALYSIS

### I. Notice to Pro Se Litigant McKeown

The Federal Rules of Civil Procedure forbid a district court from acting on a summary judgment motion without giving the nonmoving party a reasonable opportunity to appropriately respond. Fed. R. Civ. P. 56. A motion for summary judgment should not be granted against a pro se litigant unless the pro se litigant receives clear notice of the need to file affidavits or other responsive materials and of the consequences of not responding. See Timms v. Frank, 953 F.2d 281, 284 (7th Cir. 1992). The United States Court of Appeals for the Seventh Circuit explains that this notice should come from opposing counsel and should include a short, plain statement of the need to respond to a summary judgment motion, giving both the text of Federal Rule of Civil Procedure 56(e) and an explanation of the rule in ordinary English. Id. If opposing counsel fails to provide the requisite notice then the district court should do so. Id.

In this case, McKeown was not represented by counsel when the City filed its motion to dismiss converted to this motion for summary judgment. Therefore, the City had a duty to appraise McKeown of his obligation to properly respond to this motion for summary judgment and if the City

neglected its duty then this court must advise McKeown of the need to respond this motion. On

August 31, 2000, this court instructed McKeown, in open court, of the need to respond to

defendant's then upcoming motion for summary judgment and advised him of Rule 56. See (Docket

Entry #8). McKeown's attempt to respond demonstrates that he understood the need to respond to

motion and was given sufficient time in which to do so. After McKeown's filed his first response,

this court ordered both parties to appear in court on October 16, 2000. At that time, this court

advised McKeown again of the need to properly respond to the City's motion for summary judgment

and admonished McKeown of the consequences of not responding properly. This court handed to

both parties copies of Rule 56 and of Local Rules 56.1 and 56.2 and gave McKeown until November

9th to resubmit a proper response and gave the City until November 30th to reply. Having satisfied

the requirement of appropriate notice to pro se litigant McKeown, this court now will consider the

merits of defendant's motion for summary judgment.

II.     Patent Infringement

Summary judgment in favor of the City is necessary as a matter of law because there are

insufficient facts on the record to establish a genuine dispute of material fact of patent infringement

under 35 U.S.C. §271. There are no facts on the record to establish that the City actually made, used

or sold any patented invention owned by McKeown. McKeown's complaint alleges a possibility

of future infringement of the '020 patent by the City and establishes an issue of material fact as to

the City's use of the '020 patent for the purpose of securing funding for the Wacker Drive project.

Neither of these arguments are sufficient to survive the City's motion for summary judgment and

both of these arguments require judgment in favor of the City as a matter of law.

It is undisputed in this case that patent '020 is a valid patent in the United States and that

McKeown owns all the rights and privileges to patent '020. In paragraph 20 of the complaint McKeown alleges the following:

> Upon information and belief, Defendants are planning, making, having made, using, planning to use, offering for sale, publishing, preparing to publish, securing funding for, or enticing others to bid with intent to manufacture the PRE-FABRICATED MULTI-LEVEL ROADWAY STRUCTURE covered by the claim set forth in U.S. Patent #5,846,020, in violation of 35 U.S.C. 271.

(Compl. ¶ 20).

Section 271 provides that "whoever without authority makes, uses or sells any patented invention... infringes the patent." 35 U.S.C. § 271. The statute by itself has not been interpreted to cover acts other than an actual making, using, or selling of the patented invention. See Lang v. Pacific Marine & Supply Co., 895 F.2d 761, 765 (Fed. Cir. 1990)(Section 271(a) does not cover acts other than an actual making, using or selling of the patented invention). The United States Court of Appeals for the Federal Circuit describes the actual making, using, or selling of a patented invention by an infringer as a "commercial detriment" to the rightful patentee. See Rotec Industries, Inc. v. Mitsubishi Corporation, 215 F.3d 1246, 1255 (Fed. Cir. 2000). McKeown has not plead any facts nor are there any facts in the record to establish a dispute of material fact that the City actually made, used or sold patent '020, or caused a commercial detriment to McKeown in connection with the '020 patent. As a result, summary judgment in favor of the City is necessary as a matter of law.

In addition to not adducing facts sufficient to establish a violation of §271, McKeown has effectively plead himself out of court based on the facts plead and uncontested in McKeown's complaint. In general, a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers." See Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). However, a pro se plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth

in his complaint. Id. Here, McKeown alleges a violation of §271, but pleads himself out of court by adducing facts concerning the City's use of patent '020 in bidding activities to secure federal and state funding and the City's intent to use patent '020 in the future.

It is well established that the use of a patented product for the purpose of advertising another product or for the purpose of making a bid for services or funding is not a §271(a) act of infringement. See Eli Lilly & Co. v. Medtronic, Inc., 915 F.2d 670, 673 (Fed. Cir. 1990)("threat of sale does not constitute an act of infringement"); Standard Havens Prods., Inc. v. Gencor Indus., Inc., 953 F.2d 1360, 1374 (Fed. Cir. 1991), cert. denied, 113 S.Ct. 60 (1992)(holding that bid for sale of asphalt plant involving patented process was not direct infringement); Intermedics, Inc. v. Ventritex, Inc., 775 F. Supp. 1269, 1285 (N.D. Cal. 1991)("we conclude that the mere demonstration or display of an accused product, even in an obviously commercial atmosphere does not constitute an infringing use under § 271(a)."). In addition, the possibility of future infringement of a patent is not actionable under §271. See Lang, 895 F.2d at 765. In this case, there is a genuine dispute of material fact as to whether the City considered, referred, included, or made use of patent '020 in any way in connection to its successful attempts to secure federal and state funding for the Wacker Drive project. In addition, there is a genuine dispute of material fact as to whether the City plans to actually use patent '020 in any way in its Wacker Drive project. Resolving both of these disputes in favor of McKeown, McKeown's assertions have made it impossible for him to establish a violation of 35 U.S.C. § 271. McKeown does not plead actual use, or commercial detriment instead McKeown plead use of his '020 patent in bidding activities and the threat of future use of his '020 patent. As a matter of law, neither of these "uses" are a violation of 35 U.S.C. § 271. Since McKeown fails to plead or adduce any other facts to establish a violation of §271 and fails to plead

9

any additional facts to put himself back into court, summary judgment in favor of the City is necessary as a matter of law.

## CONCLUSION

For the above stated reasons, the City's motion for summary judgment is GRANTED. McKeown's motion for preliminary injunction is DENIED with prejudice. McKeown's motion for sanctions and disqualification is DENIED as moot. This case is dismissed with prejudice in its entirety. All other pending motions are moot. All other court dates are stricken.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE:  January 18, 2001